# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MASSACHUSETTS

## EASTERN DIVISION

| | |
|---|---|
| **In re** | |
| **LESLIE PHILLIPS,** | **Chapter 13** |
| | **Case No. 12-15749-FJB** |
| **Debtor** | |

### MEMORANDUM OF DECISION ON
### MOTION OF EMIGRANT MORTGAGE COMPANY
### FOR RELIEF FROM THE AUTOMATIC STAY IN REM

Emigrant Mortgage Company, Inc. ("Emigrant"), has moved 11 U.S.C. § 362(d)(1) and (d)(4) for relief from the automatic stay to foreclose its mortgage on the debtor's condominium unit (the "Motion").  The chapter 13 debtor, Leslie Phillips (the "Debtor"), opposes the Motion.  After an evidentiary hearing, held on August 7, 2012, and for the reasons set forth below, the Court now concludes that the present bankruptcy filing, the fifth filed by the Debtor or her spouse, Linda Pinti ("Pinti"), since September 2010, is part of a scheme by the Debtor to delay Emigrant and was filed without a reasonable prospect of saving the property from foreclosure, either by a confirmable chapter 13 plan or otherwise, such that relief from the stay is warranted under both of the subsections that Emigrant invokes, (d)(1) and (d)(4).

At the evidentiary hearing, Emigrant offered four written exhibits and the testimony of three witnesses.  The Debtor, a no-longer-practicing attorney, appeared *pro se*.  For her part, the Debtor testified, presented testimony from Pinti, and offered four written exhibits.

The evidence established that the Debtor and Pinti own and reside in a condominium in Cambridge, Massachusetts that is subject to a mortgage in favor of Emigrant, the mortgage that Emigrant seeks leave to foreclose.  The Debtor has owned the condominium for 28 years.  Pinti is the sole obligor in the Emigrant's promissory note, on which some $217,000 is presently owed, but both

Pinti and the Debtor executed the mortgage that secures the note.  The condominium is also subject to a statutory lien in favor of the condominium association for unpaid fees and assessments.  The parties stipulated that the Debtor and Pinti have equity in the condominium.  Emigrant quantifies the equity at approximately $67,000; by virtue of a higher valuation and perhaps a dispute over the amount of the condominium association's lien, the Debtor quantifies the equity at twice that sum.  Pinti is obligated to make monthly payments to Emigrant of $1,174.03.  Notwithstanding a chapter 7 discharge and four bankruptcy cases of her own, she last made a payment to Emigrant in August, 2009.  There have been several discussions between the parties regarding a loan modification, but none have been successful.

The Bank established that Pinti has filed four prior bankruptcy petitions since September, 2010: a chapter 7 case that resulted in a discharge in February, 2011, and three chapter 13 cases that have been dismissed, each for failure of Pinti to file required documents.  Each of the five cases filed by Pinti and the Debtor was filed shortly before, and to delay or avert, a foreclosure sale scheduled by Emigrant. The current case was filed on July 3, 2012.

The Debtor has income of approximately $1,000 per month, and Pinti earned between $3,500 and $4,000 from March through July or August, 2012.  For her part, the Debtor offered evidence that there has been an extremely contentious relationship between the condo association and the Debtor and Pinti—one that seems unlikely to end soon—to which the Debtor attributes much diversion of time and expense.  The Debtor also offered evidence that she expects regular income in January 2013, income that is dependent on her winning election to state office, the odds of which she quantifies at 50/50.  Pinti testified that she expects her income will soon increase when a new business venture in which she is involved progresses.  The Debtor also offered testimony that she will have access to credit from an unspecified source in the next several days or weeks, but that testimony was too vague for me to credit; there is no commitment to make a loan.  Finally, the Debtor offered draft Schedules I and J, schedules of current monthly income and expenses, that showed income of between $6,000 and

2

$8,000, but she admitted that this was an estimate of future income that had not been achieved in the relevant past.  The Debtor's hopes are based on income that she and Pinti do not now have and, despite repeated assurances, have not had in three years.  It is clear that the Debtor and Pinti do not presently have the household income necessary to fund a chapter 13 plan that would cure the arrearage to Emigrant or otherwise save their condominium from foreclosure.  The Debtor filed this case—her and Pinti's combined *fifth* case—without sufficient income to fund a plan and nothing but highly indefinite prospects of income commencing in the future.

The Bank seeks relief under § 362(d)(4), which allows a creditor to seek to continue its state law rights as to real property where the filing of the petition was part of a scheme to hinder, delay, or defraud creditors that involved multiple bankruptcy filings affecting the real property.  In this case, the Bank focuses on the "delay" caused by multiple filings.  I conclude that the Bank is entitled to relief under this subsection.  The Bank's efforts to foreclose have been stayed by a series of five bankruptcy petitions, including four chapter 13 petitions.  None of the three previous chapter 13 petitions was successful; all were dismissed, essentially for failure of Pinti to prosecute and achieve a confirmable plan.  As to the current petition, the Debtor was unable to prove that she and Pinti have sufficient regular monthly income to present a plan that is confirmable.  The prospects for a loan modification or consensual resolution with the mortgagee have been tested.  From all of the facts presented, I infer that this case is part of a scheme to delay that involved multiple bankruptcy filings.  Relief is warranted under subsection (d)(4).

I also conclude that the Bank is entitled to relief from the stay under subsection (d)(1), under which a court may grant relief from the stay "for cause."  The failure of the Debtor and Pinti to make a mortgage payment in nearly three years, coupled with their present inability to fund a plan—in this case or three previous chapter 13 cases—and a persistent and unsettled fight with their condo association

establish ample cause.  Accordingly, I will enter a separate order granting relief from the stay under §

362(d)(1) and (d)(4).


Date:  August 8, 2012

_____
Frank J. Bailey
United States Bankruptcy Judge